**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 06-4773**

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

versus

CORNELIUS DANIELS, a/k/a Big Worm,

Defendant - Appellant.

Appeal from the United States District Court for the District of South Carolina, at Charleston.  Patrick Michael Duffy, District Judge.  (2:05-cr-00135)

Submitted:  December 21, 2006       Decided:  January 4, 2007

Before NIEMEYER, WILLIAMS, and KING, Circuit Judges.

Affirmed by unpublished per curiam opinion.

David B. Betts, Columbia, South Carolina, for Appellant.  Reginald I. Lloyd, United States Attorney, Columbia, South Carolina, Carlton R. Bourne, Jr., Assistant United States Attorney, Charleston, South Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Pursuant to a plea agreement, Cornelius L. Daniels pled guilty to conspiracy to possess with intent to distribute 500 grams or more of cocaine and 50 grams or more of cocaine base, in violation of 21 U.S.C. §§ 841, 846 (2000). The district court sentenced Daniels to 292 months' imprisonment. Daniels appealed, and counsel has filed a brief pursuant to Anders v. California, 386 U.S. 738 (1967), contending there are no meritorious issues for appeal but seeking review of whether Daniels' guilty plea was knowing and voluntary. Although he received notice of his right to file a pro se supplemental brief, Daniels did not file a brief. The Government elected not to file a responsive brief. We affirm.

In the Anders brief, counsel recognizes the district court substantially complied with the requirements of Fed. R. Crim. P. 11 but suggests the court erred when it did not advise Daniels of his right to persist in his initial plea of not guilty or expressly discuss a waiver of appellate rights in Daniels' plea agreement.

This Court generally reviews the adequacy of a guilty plea proceeding de novo. See United States v. Damon, 191 F.3d 561, 564 n.2 (4th Cir. 1999). Any variance from the Rule 11 requirements that does not affect the substantial rights of the defendant is disregarded. See Fed. R. Crim. P. 11(h); United States v. DeFusco, 949 F.2d 114, 117 (4th Cir. 1991). When a

defendant fails to move to withdraw his guilty plea, but instead raises the issue for the first time on appeal, we review for plain error, and Appellant must show: (1) error; (2) that was plain; (3) that affected his substantial rights; and (4) that the Court should exercise its discretion to notice the error. United States v. Martinez, 277 F.3d 517, 529, 532 (4th Cir. 2002). To establish his substantial rights were affected, Daniels must demonstrate that absent the error, he would not have entered his guilty plea. Id. at 532.

With these standards in mind and after careful review of the record, we conclude any alleged error by the district court in conducting the Rule 11 hearing did not affect Daniels' substantial rights. We therefore find no plain error.

In accordance with Anders, we have reviewed the record in this case and have found no meritorious issues for appeal. We therefore affirm Daniels' conviction and sentence. This court requires that counsel inform Daniels, in writing, of the right to petition the Supreme Court of the United States for further review. If Daniels requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move in this court for leave to withdraw from representation. Counsel's motion must state that a copy thereof was served on Daniels.

We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED